**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY WAYNE MULLEN, JR., 1057363,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05-CV-1498-M** |
| | ) | |
| **DOUGLAS DRETKE, Director TDCJ-CID,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

### I.  Background

Petitioner pled guilty to manslaughter. On August 27, 2001, the jury assessed

punishment at twenty years imprisonment. On October 9, 2002, the Tenth District Court of

Appeals affirmed the conviction. *Mullen v. State*, No. 10-01-303-CR, slip op. (Tex. App. –

Waco, 2002).

Petitioner filed a petition for discretionary review. On March 5, 2003, the Court of

Criminal Appeals struck the petition, with permission to re-file within thirty days. *Mullen v.*

*State*, P.D.R. No. 2069-02. Petitioner did not re-file his petition within the thirty day period.

Instead, on November 19, 2003, Petitioner filed a state application for writ of habeas corpus

seeking the right to file an out-of-time petition for discretionary review. *Ex parte Mullen*,

Application No. 58,322-01. On May 14, 2004, the Court of Criminal Appeals granted Petitioner

the right to file an out-of-time petition for discretionary review. On September 22, 2004, the

Court of Criminal Appeals denied Petitioner's petition for discretionary review. *Mullen v. State*,

P.D.R. No. 1081-04.

On November 10, 2004, Petitioner filed a second state application for writ of habeas

corpus[1]. *Ex parte Mullen*, Application No. 58,322-02. In this application, Petitioner challenged

his conviction. On January 26, 2005, the Court of Criminal Appeals denied the application

without written order.

On July 25, 2005, Petitioner filed this federal petition. He argues: (1) he received

ineffective assistance of counsel; and (2) the prosecution argued evidence that was outside the

record.

On October 21, 2005, Respondent filed an answer arguing that the petition is time-barred.

Petitioner did not file a response. The Court finds the petition is barred by the one-year statute

of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA

governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

---

[1]Although the file stamp on this petition is unclear, the Court verified this date with the
Johnson County Clerk's Office.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[2] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending.  *Id.* § 2244(d)(2).

On October 9, 2002, the Tenth District Court of Appeals affirmed Petitioner's conviction. Petitioner filed a petition for discretionary review.  On March 5, 2003, the Court of Criminal Appeals, however, struck the petition for failure to comply with Texas Rules of Appellate Procedure 68.4(i) and 68.5.  *Mullen v. State*, P.D.R. No. 2069-02.  The Court granted Petitioner thirty days to resubmit his petition.  Petitioner filed to resubmit the petition.  His conviction therefore became final on April 4, 2003.  *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations

---

[2]The statute provides that the limitations period shall run from the latest of--

> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

purposes when time for seeking further direct review expires, regardless of when mandate issues).  Petitioner then had one year, or until April 4, 2004, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On November 19, 2003, Petitioner filed a state habeas application seeking permission to file an out-of-time petition for discretionary review.  The Court of Criminal Appeals granted Petitioner permission to file the petition. This petition tolled the limitations period until September 22, 2004, when the Court of Criminal Appeals denied the petition for discretionary review.  *See Salinas v. Dretke*, 354 F.3d 425, 430-31 (5th Cir. 2004) (granting an out-of-time petition for discretionary review does not restart the limitations period; rather, the time is counted as part of the pendency of collateral review).  This petition tolled the limitations period for 309 days.  On November 10, 2004, Petitioner filed a second state habeas petition. This petition tolled the limitations period for 78 days, until it was denied on January 26, 2005. The limitations period was therefore tolled for a total of 387 days.  When 387 days are added to the April 4, 2004, deadline for filing his federal petition, the new deadline is April 25, 2005. Petitioner did not file his petition until July 25, 2005.  His petition is therefore untimely.

## B.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 3rd day of May, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).